IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN W. BANOS | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv306 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner John W. Banos, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of error *coram nobis*. This matter was referred to the undersigned United State Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is challenging convictions for unauthorized use of a motor vehicle, aggravated kidnaping and aggravated sexual assault. As petitioner is still in custody as a result of these convictions, he may not challenge him via a writ of error *coram nobis*. *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996) (writ of *coram nobis* is only available to a person who is not in custody). As petitioner is challenging his confinement pursuant to a state court judgment, his filing should be treated as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Lay v. Tanner*, 569 F. App'x 214, 215 (5th Cir. 2014). However, as explained below, the court lacks jurisdiction over such a petition as it would be successive.

Title 28 U.S.C. § 2244(b) provides that a district court may not entertain a second or successive petition for writ of habeas corpus unless the governing court of appeals has granted the petitioner permission to proceed with a successive petition. The portion of the Act governing when permission should be granted by the court of appeals, which is codified at 28 U.S.C. § 2244(b), provides:

> (1) A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas application . . . that was not presented in a prior application shall be dismissed unless-
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error no reasonable fact finder would have found the applicant guilty of the underlying offense.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997).

Petitioner previously filed a petition for writ of habeas corpus challenging the same convictions. That petition was denied on the merits. *Banos v. Johnson*, 3:96cv2217 (N.D. Tex. Feb. 12, 1997). To the extent the current filing is construed as a petition for writ of habeas corpus, it is therefore successive.

Petitioner's petition for writ of error *coram nobis* does not entitle him to relief. Further, as a prior petition challenging the same convictions was previously denied, and as petitioner does not state the United States Court of Appeals for the Fifth Circuit has granted him leave to file a

successive petition, this court would lack jurisdiction over a petition for writ of habeas corpus. This petition should therefore be dismissed.

### Recommendation

This petition for writ of error *coram nobis* should be dismissed without prejudice.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this 18th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge